# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 24-10718-amc |
| Rae Kimberly Hall, | Chapter 13 |
|     Debtor. | |
| U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, | |
|     Movant, | |
|     v. | |
| Rae Kimberly Hall, | |
|     Debtor/Respondent, | |
| Mildred Chambers, | |
|     Co-Debtor/Respondent, | |
| Kenneth E. West, | |
|     Trustee/Additional Respondent. | |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY AND MOTION FOR RELIEF FROM CO-DEBTOR STAY

U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust ("Secured Creditor") and Rae Kimberly Hall ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

### I.    BACKGROUND:

1. On April 28, 2006, Rae Kimberly Hall executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $185,400.00.

2. The Mortgage was recorded on May 19, 2005 with the Philadelphia County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Philadelphia County

commonly known as 2415 South 20th Street, Philadelphia, Pennsylvania 19145 (the "Property").

4. The Note and Mortgage were last assigned to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust.

5. Mildred Chambers ("Co-Debtor") is also a signer on the Note and Mortgage and as such, obligated to tender monthly mortgage payments when they become due.

6. Debtor defaulted under the terms of the Note and Mortgage by failing to make the monthly post-petition payments of principal, interest and escrow when they became due. As of October 10, 2025, the post-petition arrears owed Movant are $2,224.90, the total comprising one (1) monthly mortgage payment at $1,159.54, less a suspense balance of $483.64, plus legal fees and costs of $1549.00.

7. Thus, Debtor(s)'s post-petition arrears currently total $2,224.90.

8. Debtor further acknowledges that additional payments of principal, interest and escrow currently in the amount of $1,159.54 per month shall become due under the Note and Mortgage on the 1st day of each successive month, beginning November 1, 2025 until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and remains responsible for paying the increased amount when it becomes due.

9. U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust and Debtor desire to resolve the post-petition arrears of Debtor in accordance with the terms set forth below:

II. **STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY**

10. Debtor confirms and acknowledges her financial obligation to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust under the Note and Mortgage.

11. Debtor further confirms and acknowledges her failure to make the post-petition payments of

principal, interest and escrow in the amount of post-petition arrearage as set forth above in Paragraphs 5 and 6.

12. Debtor further confirms and acknowledges her obligation to make regular post-petition payments of principal and interest going forward from November 1, 2025 as set forth above in Paragraph 7.

13. Debtor will be required to cure the remaining arrears of $2,224.90 by making an immediate cure payment in the amount of $2,224.90 upon entry of this Stipulation. Payments should be made payable and remitted to:

**Selene Finance, LP**
**3501 Olympus Boulevard, Suite 500**
**Dallas, Texas  75019**

In the event that Debtor converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion.  Should the Debtor fail to cure the arrears, to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust will serve the attorney for the Debtor written notification of default of this Stipulation ("Notice").  If the default is not cured within fifteen (15) days of the Notice, to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust may file a Certification of Default with the U.S. Bankruptcy Court ("Court") and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor defaults on her obligations under this Stipulation by failing to comply with the provisions as set forth above in paragraph 11 and/or tender in full any of the payments described in paragraph 12, on or before the dates on which they are due, then to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust, its successors and/or assigns shall serve the Notice upon the attorney for the

Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid. In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice then U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, whereupon to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust, or its assigns or successors may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor, Co-Debtor, or further Order of the Bankruptcy Court.

15. In addition, both Debtors agree that neither is permitted not more than two (2) defaults from the date of this Stipulation. Debtor agrees that if she defaults under the terms of this Stipulation more than two (2) times, then, without further notice, to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, whereupon U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

16. Neither to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust's consent to this Stipulation nor its acceptance of any payments tendered by or on behalf of Debtor(s) shall be construed as a waiver of U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust's right to proceed with or commence a foreclosure other legal action against

Debtor under this Stipulation; however to U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCF 2 Acquisition Trust agrees to credit Debtor's account for any payments made by or on behalf of Debtor in accordance with this Stipulation, Note and/or Mortgage.

17. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

18. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S. Bankruptcy Court. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy Court.

19. Debtor hereby certifies and confirms that she reviewed the terms of the Stipulation with her attorney, Debtor understands and agrees with the terms of this Stipulation, and authorizes her attorney to sign this Stipulation on her behalf.

IT IS HEREBY STIPULATED:

By: /s/Sherri R. Dicks                                                           Date:  11/3/2025
PA Bar Number 90600
Robertson, Anschutz, Schneid, Crane
& Partners, PLLC
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
Email: sdicks@raslg.com


/s/ Michael A. Cibik *with express permission*
                                                                                 Date: November 3, 2025
Michael A. Cibik
Cibik Law, P.C
1500 Walnut Street

Suite 900
Philadelphia, PA 19102
Telephone: 215-735-1060
Email: help@cibiklaw.com

**Co-Debtor**
*(Deceased)*
Mildred Chambers
2415 S. 20th Street
Philadelphia, PA   19145

/s/ Jack K. Miller, Esq.   *with express permission*
Kenneth E. West
Chapter 13 Standing Trustee
Office of the Chapter 13 Standing Trustee    *I have no objection to its terms, without prejudice to any of our rights and remedies*
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
Telephone: 215-627-1377