**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Rae Kimberly Hall,<br>*aka* Rae K. Semidey,<br>Debtor.<br>Selene Finance, LP as servicing agent for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust,<br><br>Movant,<br>v.<br>Rae Kimberly Hall,<br>Debtor/Respondent,<br>Mildred Chambers,<br>Co-Debtor/Respondent,<br>Kenneth E. West,<br>Trustee/Additional Respondent. | Bankruptcy No. 24-10718-amc<br><br>Chapter 13 |

**CREDITOR'S CERTIFICATION OF DEFAULT**

I, Michelle L. McGowan, Esquire, attorney for Selene Finance, LP as servicing agent for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, ("Plaintiff"), certifies as to the following:

1. I am an attorney for Selene Finance, LP as servicing agent for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, and am duly authorized to make this certification.
2. On November 5, 2025, a Stipulation (DE 35) and on November 14, 2025, an Order Approving Stipulation (DE 36) were entered, which required the Debtor to make certain payments to Plaintiff to cure specified arrearages maintain future accruing payments. See

Composite Exhibit “A”..

3. On August 7, 2026, Plaintiff, by counsel, served on Debtor(s) and Debtor(s)’ counsel a Notice of Default setting forth that Debtor(s) were in default in the provisions of the Stipulation. See Exhibit “B”.

4. The August 7, 2026, Notice of Default stated that the sum of $2,800.28 was needed from Debtor(s) to cure the default.

5. The Notice of Default advised that if the Debtor(s) did not, within fifteen (15) days of the service of the Notice of Default, either cure the default, file an Objection stating that no default exists, or file an Objection stating any other reason why a relief Order should not be entered, Plaintiff could submit a Certification stating that it has complied with the notice requirements of the Order and that the Court may grant relief from the automatic stay without further notice to Debtor, and that, if granted such relief, the real property located at 2415 S. 20th Street, Philadelphia, PA 19145, may be sold at foreclosure.

6. The Debtor(s) has not cured the default, filed an objection with the Court stating that no default exists, or filed an objection with the Court stating any other reason why an order granting relief from the automatic stay should not be entered.

7. That, in accordance with the terms of the Order Approving Stipulation entered on November 14, 2025, Plaintiff is entitled to relief from the automatic stay as to the real property located at 2415 S. 20th Street, Philadelphia, PA 19145.

Date: 9/22/2026

Robertson, Anschutz, Schneid, Crane &
Partners, PLLC
Attorney for Secured Creditor
13010 Morris Rd, Suite 450

Alpharetta, GA 30004
Telephone: 470-321-7113
By: /s/ Michelle L. McGowan
Michelle L McGowan, Esq.
Email: mimcgowan@raslg.com